Form G16

B1040 (FORM 1040) (12/24)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>THE ILLINOIS DEPARTMENT OF EMPLOYMENT SECURITY, | **DEFENDANTS**<br>MOENAY L. MILES |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>ILLINOIS ATTORNEY GENERAL'S OFFICE<br>115 S. LaSalle Street-17th Floor<br>Chicago, Illinois 60603 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor  ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☒ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Debtor-defendant obtained from plaintiff unemployment insurance benefits to which he/she was not entitled to by the use of false pretenses and false representations to the plaintiff. This adversary is brought to determine dischargeability of the debt pursuant to Section 523(a)(2)(A) of the Revised Bankruptcy Act (11 U.S.C. 523)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(a) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(b) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(c) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(d) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(e) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(f) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(f) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(g) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(h) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(i) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(j) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 10,425.58 |
| Other Relief Sought | |

B1040 (FORM 1040) (12/24)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR MOENAY L. MILES | BANKRUPTCY CASE NO. 25-13645 | | |
| DISTRICT IN WHICH CASE IS PENDING NORTHERN | DIVISION OFFICE EASTERN | | NAME OF JUDGE Deborah L. Thorne |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | | |
| DATE  11-18-25 | | PRINT NAME OF ATTORNEY (OR PLAINTIFF) DAVID L. GALLAGHER ASSISTANT ATTORNEY GENERAL | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re:   Case No. 25-13645 | )<br>) |
| MOENAY L. MILES, | )<br>)  Bk No. 25-13645 |
| Debtor, | )<br>) |
| PEOPLE OF THE STATE OF ILLINOIS, *ex rel*,<br>ILLINOIS DEPARTMENT OF EMPLOYMENT<br>SECURITY, | )  Adv. Pro. No. _____<br>)<br>)<br>) |
| Plaintiff, | )  Honorable Deborah L. Thorne<br>) |
| MOENAY L. MILES, | )  Chapter 7<br>) |
| Defendant. | ) |

**VERIFIED COMPLAINT TO DETERMINE**
**DISCHARGEABILITY OF DEBT**

1. This complaint to determine the dischargeability of a debt in bankruptcy under Sections 523(a)(2)(A) and 523(a)(7) of the Revised Bankruptcy Act (11 U.S.C.A. 523) commences an adversary proceeding within the meaning of Bankruptcy Rule 7001.

2. The above-named debtor has filed with this court a petition under Chapter 7 of the Bankruptcy Code, Case No. 25-13645.

3. Plaintiff is a creditor of the debtor having filed a claim totaling $10,425.58.

4. Plaintiff is a department of the government of the State of Illinois charged with, among other things, the administration of the Illinois Unemployment Insurance Act.  820 ILCS 405/100 (1992) et seq.

5. The Act provides unemployment benefits to qualifying individuals who are ready, willing, and able to work but are unable to find employment.  820 ILCS 405/500.

6. The Department is authorized to establish by regulation the required procedure to apply for and continue receiving benefits.  820 ILCS 405/700.

7. After initially applying and being awarded benefits, a claimant is required to regularly certify to the Department that he or she continues to meet the eligibility requirements for each week of benefits received. 59 Ill. Admin. Code 2720.115.

8. The Department may recover benefits for any periods it determines the claimant was ineligible to receive them. 820 ILCS 405/900; 820 ILCS 405/901.

9. In addition, a claimant may be required to pay a 15% penalty of the sum of the overpayment for having knowingly made a false statement or failed to disclose a material fact for the purpose of obtaining benefits for which he or she is ineligible. 820 ILCS 405/901.1.

10. An individual is ineligible for benefits for any week for which she/he receives disqualifying income in an amount equal to or greater than her/his weekly benefit amount. If such disqualifying income is less than the claimant's weekly benefit amount, she/he is entitled to partial benefits if she/he is "unemployed" during that week. 820 ILCS 405/239 and 820 ILCS-405/402.

11. Plaintiff seeks to have the debt owed to it by the debtor-defendant determined non-dischargeable.

## COUNT I

12. Debtor-defendant obtained from plaintiff unemployment insurance benefits in the amount of $1,530.00 to which she was not entitled by the use of false pretenses and false representations to plaintiff.

13. The false representations referred to in paragraph 12 consisted of debtor-defendant certifying that during the period of January 11, 2020 through March 14, 2020, she was unemployed, earned no wages, and was actively seeking work, when in fact she was employed and earned wages from her employment with COMPASS GROUP USA, INC.

14. Debtor-defendant did not report her employment or earnings, even though she was aware of her duty to do so.

-2-

15. As a result of the above-stated false representations made by debtor-defendant to plaintiff, debtor-defendant received $1,530.00 in unemployment benefits to which she was not entitled.

16. Subsequent investigation undertaken by plaintiff disclosed that, during the aforesaid period, the debtor-defendant had knowingly failed to report and fully disclose her correct earnings from COMPASS GROUP USA, INC., for the purpose of obtaining unemployment benefits to which she was not entitled.

17. On January 5, 2023, Plaintiff issued an administrative decision, determining that the debtor-defendant knowingly failed to disclose her employment and earnings for the purpose of obtaining benefits to which she was not entitled and assessing a 15% statutory penalty in the amount of $229.50. A copy of said decision is attached hereto and made a part hereof as Exhibit "A."

18. Defendant has made payments in the amount of $799.57. Therefore, the total balance due for Count I is $959.93.

19. Pursuant to Section 523(a)(2)(A) and 523(a)(7) of the Bankruptcy Code, the debt owed to plaintiff by debtor-defendant is not dischargeable as it is a "debt for obtaining money by false pretenses, a false representation, or actual fraud."

## COUNT II

20. Debtor-defendant obtained from plaintiff unemployment insurance benefits in the amount of $3,801.00 to which she was not entitled by the use of false pretenses and false representations to plaintiff.

21. The false representations referred to in paragraph 20 consisted of debtor-defendant certifying that during the period of August 1, 2020 through August 15, 2020, August 29, 2020, September 12, 2020 through December 19, 2020, she was unemployed, earned no wages, and was actively seeking work, when in fact she was employed and earned wages from her employment with COMPASS GROUP USA, INC.

22. Debtor-defendant did not report her employment or earnings even though she was aware of her duty to do so.

23. As a result of the above-stated false representations made by debtor-defendant to plaintiff, debtor-defendant received $,3801.00 in unemployment benefits to which she was not entitled.

24. Subsequent investigation undertaken by plaintiff disclosed that, during the aforesaid period, the debtor-defendant had knowingly failed to report and fully disclose her correct earnings from COMPASS GROUP USA, INC., for the purpose of obtaining unemployment benefits to which she was not entitled.

25. On February 1, 2024, Plaintiff issued its administrative decision determining that the debtor-defendant knowingly failed to disclose her employment and earnings for the purpose of obtaining benefits to which she was not entitled and assessing a 15% statutory penalty in the amount of $570.15. A copy of said decision is attached hereto and made a part hereof as Exhibit "B."

26. Defendant has made no payments. Therefore, the total due for Count II is $4,371.15.

27. Pursuant to Section 523(a)(2)(A) and 523(a)(7) of the Bankruptcy Code, the debt owed to plaintiff by debtor-defendant is not dischargeable as it is a "debt for obtaining money by false pretenses, a false representation, or actual fraud."

## **COUNT III**

28. Debtor-defendant obtained from plaintiff unemployment insurance benefits in the amount of $4,430.00 to which she was not entitled by the use of false pretenses and false representations to plaintiff.

29. The false representations referred to in paragraph 28 consisted of debtor-defendant certifying that during the period of January 9, 2021 and January 23, 2021 through March 20, 2021, she was unemployed, earned no wages, and was actively seeking work, when in fact she was employed and earned wages from her employment with COMPASS GROUP USA, INC.

30. Debtor-defendant did not correctly report her actual and full earnings even though she was aware of her duty to do so.

31. As a result of the above-stated false representations made by debtor-defendant to plaintiff, debtor-defendant received $4,430.00 in unemployment benefits to which she was not entitled.

32. Subsequent investigation undertaken by plaintiff disclosed that, during the aforesaid period, the debtor-defendant had knowingly failed to disclose her employment and earnings from COMPASS GROUP USA, INC., to which she was not entitled.

33. On July 17, 2024, an administrative decision was issued by plaintiff determining that the debtor-defendant knowingly failed to disclose his/her employment and earnings for the purpose of obtaining benefits to which she was not entitled and assessing a 15% statutory penalty in the amount of $664.50. A copy of said decision is attached hereto and made a part hereof as Exhibit "C."

34. Defendant has made no payments. Therefore, the balance due for Count III is $5,094.50.

35. Pursuant to Section 523(a)(2)(A) and 523(a)(7) of the Bankruptcy Code, the debt owed to plaintiff by debtor-defendant is not dischargeable as it is a "debt for obtaining money by false pretenses, a false representation, or actual fraud."

36. On November 18, 2025 the Illinois Attorney General's Office received the Military Status Report from the United States Department of Defense, the report states that the defendant, MOENAY L. MILES, is not currently on active military duty. Attached is an affidavit (Exhibit "D").

WHEREFORE, plaintiff prays that this court:

    a. Set the matter of the dischargeability of the debts owed from debtor-defendant to plaintiff for hearing;

    b. Find that said debts in the amount of $10,425.58 are not dischargeable and enter judgment thereon.

    c. Grant such other and further relief as this Court deems just.

Respectfully submitted,

KWAME RAOUL
ATTORNEY GENERAL
STATE OF ILLINOIS

BY: _____
DAVID L. GALLAGHER
Assistant Attorney General

KWAME RAOUL
ATTORNEY GENERAL
STATE OF ILLINOIS

**OF COUNSEL**:
DAVID L. GALLAGHER
Assistant Attorney General
115 S. LaSalle Street-17th Floor
Chicago, Illinois 60603
(312) 793-6946

## AFFIDAVIT

This affiant, being first duly sworn on oath, deposes and says that he/she is a duly authorized agent of the plaintiff, that as such, he/she has full knowledge of the facts relating to the above complaint and that the facts alleged therein are true.

_Rae Ann Piotrowski_

Subscribed and sworn to before me this 18th day of November, 2025.

_Diane Lewis-Sharp_
NOTARY PUBLIC

DIANE LEWIS-SHARP
OFFICIAL SEAL
Notary Public - State of Illinois
My Commission Expires
March 09, 2026

-6-